UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY TOLLIVER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ILLINOIS TOOL WORKS INC.,<br><br>    Defendant. | Case No. 18-cv-01078-KAW<br><br>**ORDER GRANTING MOTION TO APPROVE MINOR'S SETTLEMENT**<br><br>Re: Dkt. No. 144 |

Plaintiffs filed the instant case against Defendant Illinois Tool Works Inc., asserting product liability and negligence claims with respect to the death of Johnny Tolliver, Sr. (*See* First Amended Compl. ("FAC") ¶ 1, Dkt. No. 30.) Pending before the Court is Plaintiff I.T.'s motion to approve a minor's settlement. (Pl.'s Mot. to Approve, Dkt. No. 144.) No oppositions were filed.

The Court deemed this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). (Dkt. No. 136.) Having considered the parties' filings and the relevant legal authority, the Court GRANTS the motion to approve.

## I. BACKGROUND

Decedent was a Solid Waste Truck Driver, employed by the City of Berkeley's Public Works Zero Waste Division. (Order re Mot. for Summ. J. at 1, Dkt. No. 69.) On January 11, 2016, the truck Decedent was operating began to roll downhill. (*Id.* at 2.) Decedent attempted to stop the truck, but suffered blunt force injuries, possibly when the truck crushed him against a utility pole or tree. (*Id.*)

Plaintiffs then filed the instant case against Defendant, asserting that the truck had a defective air brake system. (Order re Mot. for Summ. J. at 4.) On October 2, 2019, Defendant

filed a motion for summary judgment. (*Id.* at 6.) On November 22, 2019, the Court granted Defendant's motion for summary judgment as to the failure to warn claim but denied Defendant's motion as to all other claims. (*Id.* at 19.)

In January 2020, the parties reached a settlement. (Cartwright Decl. ¶ 3, Dkt. No. 144-1.) With respect to Plaintiff I.T., Defendant agreed to pay $437,500. (Cartwright Decl. ¶ 3.) The settlement includes $85,476.75 in attorney's fees, $95,593.01 in attorney's costs, and $50,000 in a lien payment to the City of Berkeley, leaving a net amount of $206,430.24 to Plaintiff I.T. (Pl.'s Mot. to Approve at 3; Cartwright Decl. ¶¶ 14, 16.) Guardian Ad Litem Arie Crockett intends to put the net amount in a structured annuity which will make payments to Plaintiff I.T. as follows: $50,000 at age 18, $100,000 at age 21, and $74,273 at age 25, for a total of $224,273. (Cartwright Decl. ¶ 18.) The $437,500 settlement is in addition to approximately $482,367.28 in workman's compensation being paid by the City of Berkeley. (Cartwright Decl. ¶ 16.)

## II.  LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "[T]his special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (internal quotation omitted). Thus, the district court considers whether the settlement, including any net recovery, "is fair and reasonable as to each minor plaintiff." *Id.* at 1182.

## III.  DISCUSSION

The Court finds that the proposed settlement is fair and reasonable. Plaintiff's counsel explains that liability was a significant question in this case, particularly in light of "[d]iscovery and investigation [that] showed that the City of Berkeley is primarily responsible for [Decedent]'s death." (Cartwright Decl. ¶ 15; *see also* Cartwright Decl. ¶ 9.) For example, maintenance and service records of the truck showed it had reached the end of its useful life and had been served for related issues only six days before Decedent's death. (Cartwright Decl. ¶ 15.) The City of Berkeley also failed to train its employees to properly apply the parking brake. (Cartwright Decl. ¶ 15.) The City of Berkeley was ultimately assessed numerous OSHA citations and paid $31,810

2

in penalties. (Cartwright Decl. ¶ 15.)

Further, the settlement amount is reasonable. Plaintiff's counsel estimates that Plaintiff I.T.'s future economic losses total $293,499.00, in addition to emotional harm from the loss of his father. (Cartwright Decl. ¶¶ 6, 7.) Here, Defendant will pay $437,500, or a net of $206,430.24 after payment of attorney's fees, costs, and a settlement of the City of Berkeley's lien and credit rights. (Cartwright Decl. ¶¶ 3, 18.) Plaintiff's counsel has agreed to reduce their fees to 25% of the net recovery after costs, although their retainer agreement allows for recovery of 40%. (Cartwright Decl. ¶¶ 4, 10.) Plaintiff's counsel has also provided their records regarding costs, which the Court has reviewed and finds reasonable, particularly given the significant work required by numerous expert witnesses. (*See* Cartwright Decl., Exhs. E-G.) Additionally, the City of Berkeley's workman's compensation carrier has paid Ms. Crockett, on behalf of Plaintiff I.T., $312,804.08 through August 28, 2020, and will continue to make bi-weekly payments of $2,119.54 through Plaintiff I.T.'s 18th birthday. (Cartwright Decl. ¶ 16.) In total, the City of Berkeley will have paid approximately $482,367.28 to Plaintiff I.T. (Cartwright Decl. ¶ 16.)

Thus, considering both the risks as to liability, the value of the case, and the amount of net recovery, the Court concludes that the settlement reflects a fair and reasonable compromise intended for Plaintiff I.T.'s benefit. Accordingly, the Court approves the settlement.

## IV.   CONCLUSION

The Court GRANTS the motion to approve the settlement as follows:

(1) The award of attorney's fees is $85,476.75;

(2) The award of attorney's costs is $95,593.01;

(3) The settlement of the City of Berkeley's lien and credit rights is $50,000; and

(4) The net sum of $206,430.24 shall be put in a structured annuity and distributed in the amount of $50,000 at age 18, $100,000 at age 21, and $74,273 at age 25.

IT IS SO ORDERED.

Dated: January 21, 2021

_____
KANDIS A. WESTMORE
United States Magistrate Judge

3